1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  BARRY AVERS AND JANET
    AVERS,

11                                          NO. CIV. S-08-2737 LKK/DAD

12          Plaintiffs,

13      v.                                      O R D E R

14  AGRYLIN, ANAGRELIDE, ROBERTS
    PHARMACEUTICALS, SHIRE
15  PHARMACEUTICALS GROUP plc.,
    WILLIAM NEWSOM, JR., M.D.,
16  and DOES 1 to 100,

17          Defendants.

18  _____/

19      The court is in receipt of a document filed by plaintiffs on

20  May  13,  2009  entitled  "Identification  of  Doe  Defendants."

21  Plaintiffs have not filed nor moved to file an amended complaint

22  naming those defendants.

23      The  Federal  Rules  of  Civil  Procedure  include  no  provision

24  permitting the use of fictitious defendants. McMillan v. Department

25  of Interior, 907 F.Supp. 322, 328 (D. Nev. 1995), aff'd, 87 F.3d

26  1320 (9th Cir. 1996), cert. denied, 519 U.S. 1132, 117 S.Ct. 995,

1

1   136 L.Ed.2d 875 (1997); <u>see also</u> <u>Fifty Associates v. Prudential</u>

2   <u>Ins. Co.</u>, 446 F.2d 1187, 1191 (9th Cir. 1970)("Doe" practice not

3   advisable in federal courts, as they are courts of limited

4   jurisdiction). As a general rule, the use of John Doe to identify

5   a defendant is not favored. <u>Gillespie v. Civiletti</u>, 629 F.2d 637,

6   642 (9th Cir. 1980).

7       Once the defendant's true identity is known, he must

8   "substitute the true name of this defendant and effect service at

9   the earliest opportunity." <u>Plumb v. Prinslow</u>, 847 F. Supp. 1509,

10   1523 (D. Ore. 1994). Substitution of Doe defendants and questions

11   of relation back are resolved through Rule 15, <u>Fifty Associates</u>,

12   446 F.2d at 1191, except where the case was removed from state

13   court, in which case state relation-back rules apply. <u>Lindley v.</u>

14   <u>Gen. Elec. Co.</u>, 780 F.2d 797 (9th Cir. 1986). Under California's

15   statute regarding fictitiously named defendants, the pleading must

16   be amended upon discovery of the defendant's actual identity. Cal.

17   Code Civ. Proc. § 474.

18       Consequently, under either the federal or state rules,

19   plaintiffs must amend their pleadings to reflect the identity the

20   Doe defendants. A separate statement of identification of the

21   defendants will not suffice. Accordingly, the court ORDERS as

22   follows:

23       1.  Plaintiffs SHALL file and serve a motion to amend their

24           complaint not later than fifteen (15) days from the date

25           of this order. The motion shall be noticed to be heard

26           on August 3, 2009 at 10:00 AM in Courtroom 4.   The

1     motion shall be accompanied by an affidavit justifying
2     the addition of the new defendants.
3     2.   Defendants' opposition or statement of non-opposition
4          SHALL be filed and served not later than June 29, 2009.
5     3.   Plaintiffs' reply, if any, SHALL be filed an served not
6          later than July 7, 2009.
7     4.   Plaintiffs' moving brief and defendants' opposition
8          SHALL not exceed twenty-five pages. Plaintiffs' reply,
9          if any, shall not exceed fifteen pages. The parties
10         SHALL e-mail a Word or WordPerfect version of their
11         briefs to lkk-pleadings@caed.uscourts.gov.
12    IT IS SO ORDERED.
13    DATED: June 2, 2009.

      LAWRENCE K. KARLTON
      SENIOR JUDGE
      UNITED STATES DISTRICT COURT